■ ABRAHAM SCHNALL, Doing Business as SCHNALL PRODUCTS COMPANY, Appellant, v. CLEARFIELD CHEESE CO., INC., Respondent.— Order, entered on June 16, 1964, unanimously affirmed, with $30 costs and disbursements to respondent. Jurisdiction over the defendant in this action depends upon whether or not the plaintiff has a cause of action "arising from" the transaction of "any business within the state" (see CPLR 302). Inasmuch as it does not appear from plaintiff's amended complaint or his affidavits that he has any such cause of action, the motion under CPLR 3211 (subd. [a], par. 8) to dismiss for lack of jurisdiction should have been granted. The plaintiff does not show that he has a cause of action predicated upon the alleged breach of a contract made or to be performed in the State. (Cf. *Longines-Wittnauer Watch Co.* v. *Barnes & Reinecke,* 21 A D 2d 474.) The writing, alleged to have been executed by plaintiff and delivered in this State, a copy of which is annexed to the complaint, provides merely that defendant, with place of business in Pennsylvania, shall process and package cheese products for plaintiff, without the fixing of any contract period and without any specification as to prices or quantities. The alleged writing is nothing more than an agreement to contract with the matter of prices and quantities to be left for future consideration. The alleged failure of the defendant to process and package cheese for plaintiff as called for by said writing does not appear to be actionable. (See, generally, 9 N. Y. Jur., Contracts, §§ 49, 50, 51.) Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ TEX MODE, INC., Respondent, v. DORMAR BAG, INC., et al., Appellants. — Order, entered on May 11, 1964, unanimously modified on the law, on the facts, and in the exercise of discretion to condition the denial of the motion to dismiss upon payment by plaintiff of a full bill of costs of the action to date, together with $30 costs and disbursements of this appeal, and upon the further condition that plaintiff have leave to move and vacate the prior disposition and grant motion to serve and file an affidavit more fully showing the merits of this action. The affidavit should be by someone having knowledge of the evidentiary facts (cf. *Sortino* v. *Fisher,* 20 A D 2d 25, 34). Payment, as indicated, and service of the affidavit is to be made within 10 days after service of a copy of the order entered hereon with notice of entry. In default of compliance by the plaintiff, the order appealed from is reversed and the motion to dismiss granted, with costs and disbursements. This action was commenced on or about December 6, 1961, and issue joined on or about December 29, 1961. No note of issue had been filed when the motion to dismiss was made some 27 months later. However, at that time the Statute of Limitations had not yet run on plaintiff's cause of action, a fact which plaintiff recognized in its papers, in seeking a prompt disposition of the motion. The order appealed from was entered May 8, 1964, and had the decision been adverse to plaintiff it could have instituted another action since it was not time barred. There had been an inordinate and unexplained delay in prosecution, which warranted dismissal. The fact that a favorable decision forestalled another action, should not suffice to put this plaintiff out of court under the circumstances shown to exist. Settle order on notice. Concur — Breitel, J. P., Valente, McNally, Stevens and Eager, JJ.