■ MILTON A. TEPLIN, Appellant, v FRANK MANAFORT, JR., et al., Defendants, and LARRY FRIEND, Respondent. — Order, Supreme Court, New York County, entered August 28, 1980, which granted the defendant's motion to dismiss the complaint, unanimously affirmed, without costs or disbursements. Defendant asserted three grounds for dismissal of the complaint: (1) that the complaint was barred by the Statute of Frauds; (2) that the complaint failed to state a cause of action, and (3) that the court lacked personal jurisdiction (CPLR 3211, subd [a], pars 5, 7, 8). Special Term granted the motion on the first ground above mentioned, without passing upon the sufficiency of the alternative grounds. However, all other issues were before Special Term and have not been abandoned on appeal. This court has considered the issue of lack of jurisdiction and has concluded that the complaint fails to allege sufficient facts to support jurisdiction over the person of the defendant. The predicate for personal jurisdiction over defendant, a nondomiciliary, was based, it is alleged, on the transaction of business within this State (CPLR 302, subd [a], par 1). The complaint and affidavits in opposition to the instant motion have failed to allege sufficient facts to demonstrate that defendant conducted any business within the State. *(Schanall v Clearfield Cheese Co.,* 23 AD2d 652.) There is lacking even a colorable claim of jurisdiction over this nonresident. The defendant Friend is a Florida resident and was served in Florida. Nowhere in the complaint are there any allegations of any action of defendant Friend occurring in New York. Our courts have consistently held that a plaintiff who seeks to invoke in personam jurisdiction of this court with respect to a nonresident defendant must expressly allege in the complaint facts bringing the nonresident within CPLR 301 and 302. Since such allegations are lacking, the complaint was properly dismissed. Having reached this determination, there is no reason to consider the alternative grounds urged for dismissing the complaint. Concur — Kupferman, J.P., Ross, Carro, Markewich and Silverman, JJ.